IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC WICKLIFFE, | ) | |
| Petitioner, | ) | CASE NO.   2:09-cv-1666 BJR |
| | ) | |
| v. | ) | |
| | ) | ORDER DENYING REQUEST |
| D.K. SISTO, | ) | FOR A CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY |

_____

Petitioner Eric Wickliffe, a state prisoner, filed a petition for writ of habeas corpus on June 16, 2009, challenging the California Board of Parole Hearings' February 1, 2008 decision finding him unsuitable for release. Petitioner claimed that the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. This court denied the petition on August 30, 2010. Petitioner timely requested a certificate of appealability.[1]

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process

_____

[1]   On March 14, 2011, this court directed Petitioner to submit argument on whether, pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability should issue in this matter. Petitioner failed to comply with the court's order.

1

Clause. *Hayward v. Marshall*, 602 F.3d 546, 561-563 (9th Cir. 2010), *rev'd, Swarthout v. Cooke*, 131 S. Ct. 859 (2011) (per curiam). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. *Hayward*, 603 F.3d at 563.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in *Swarthout v. Cooke*, in which it held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id., citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979).

Review of the instant case reveals that Petitioner was present at the parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. "The Constitution does not require more [process]." *Greenholtz*, 442 U.S. at 16. Therefore, Petitioner has not made the required substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Accordingly, IT IS HEREBY ORDERED that

1

Petitioner's request for a certificate of appealability is DENIED.

2

DATED this 21st day of March, 2011.

3

4

5

_/s/ Barbara Jacobs Rothstein

6

Barbara Jacobs Rothstein
U.S. District Court Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3